Whitaker, Judge,
delivered the opinion of the court:
Plaintiff sues to recover the salary allegedly due her from April 25, 1947, the date on which she was removed from her position with the Army Finance Office, to the date of the filing of her petition in this court, October 27,1950.
After passing a competitive Civil Service examination, plaintiff, on September 20, 1946, received a probational appointment, effective October 10,1946, to the position of clerk-typist, CAF-2, in the Finance Department of the United States Army, Fort Bliss, Texas.
After a little less than six months service, plaintiff was discharged because “your conduct — during the probational period of employment in this Installation as a Clerk-typist, CAF-2, $1,954.00 per annum — has not been satisfactory to the Agency.” At the time it was not explained to her in what respect her conduct was unsatisfactory, but about six months later, after considerable correspondence between plaintiff and several different officers, Colonel Ahearn wrote her that this was because she had complained that the work assigned her was beneath her training and ability, that she took a superior attitude toward her superiors and the work assigned to her, and that she had insisted that any criticism of her work by her superiors should be put in writing.
Plaintiff was given no hearing. We held in Nadelhaft v. United States, 132 C. Cls. 316, that plaintiff was not entitled to one; that a probationary employee was not in the classified civil service and did not become a member of it until his period of probation was over and he had received a permanent appointment; that the provisions of that Act, requiring the service of charges on an employee, allowing time for an answer and the filing of affidavits and a written decision on the charges, had no application to a probationary employee. We said:
*582 In short, we are of the opinion that a probationary appointee acquires no right to the office, that is to say, a right protected by the Lloyd-LaFollette Act, as amended. His right to the office and protection by this Act only accrues after the probationary period has expired and his appointment becomes permanent.
We said further in that case that the Civil Service regulations relating to the removal of probationary employees only require that the employee shall be notified “in writing of the reasons for his separation and of its effective date.” This was done in the case at bar. She was told that she was being removed because her “conduct — during the probational period of employment in this Installation as a Clerk-typist, CAF-2, $1,954.00 per annum — has not been satisfactory to the Agency.”
It is true that Army Personnel Eegulations prescribed a more elaborate procedure for the removal of a probationary employee; but it was not the Army that was empowered by Congress to issue regulations to carry into effect the Lloyd-LaFollette Act, as amended, but the Civil Service Commission. Since Congress vested in that agency the power to issue regulations to carry the Act into effect, its regulations reasonably designed for this purpose have the force and effect of law. Hence, if an employee’s rights under these regulations have been violated, he may recover salary of which he has been deprived thereby.
But not so of the regulations of any other agency, because Congress gave to no other agency the power to make regulations.
The United States is not liable for a money judgment for the violation of any regulation that does not have Congressional sanction. Only Congress can create, either directly or indirectly, a cause of action against the United States.
There has been no violation of the regulations of the Civil Service Commission, as we held in the Nadelhaft case, supra.
Plaintiff’s motion is denied, on the authority of that case, and her petition is dismissed.
It is so ordered.
Laramore, Judge; and JoNes, Chief Judge, concur.